# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| THOMAS PARRY, | ) | Civil Action No. 2: 11-cv-1318 |
| Petitioner, | ) | |
| v. | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| SUPERINTENDENT KERESTES, *et al.*, | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b) filed by Petitioner, Thomas Parry (ECF No. 33). Petitioner asks this Court to issue an order, pursuant to Federal Rule of Civil Procedure 62.1, indicating that the court would vacate its Memorandum Opinion and Order of October 26, 2012, if the United States Court of Appeals for the Third Circuit remanded the currently-pending appeal from that order back to this Court. Respondents have filed a Response (ECF No. 34) and the motion is ripe for disposition.

### Standard of Review

Once a notice of appeal is filed, jurisdiction is no longer vested in the district court. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.,* 38 F.3d 1303, 1314 (3d Cir. 1994). However, Federal Rule of Civil Procedure 62.1 allows a district court to issue an indicative ruling on a motion when ruling on such motion is barred by a pending appeal. Fed. R. Civ. P. 62.1.

Rule 62.1 is a fairly recent addition to the Federal Rules. Advisory Committee notes on Rule 62.1 suggest that "[o]ften it will be wise for the district court to determine whether it in fact would grant the motion if the court of appeals remands for that purpose." Advisory Committee's Notes (2009).

1

A district court can dispose of a motion pursuant to Rule 62.1 in one of four ways: (i) it may defer considering the motion; (ii) it may deny the motion; (iii) it may state that it would grant the motion if the court of appeals remands for that purpose; or (iv) it may state that the motion raises a substantial issue. *Id*. When the district court indicates that it would grant the motion for relief, the court of appeals may remand at its discretion. Fed R. App. P. 12.1(b). If the court of appeals remands to the district court, the court of appeals retains jurisdiction "unless it expressly dismisses the appeal." *Id.*

**Discussion**

Petitioner filed a timely notice of appeal on January 7, 2013, (ECF No. 24.), which was docketed in the United States Court of Appeals for the Third Circuit at Docket No. 13-1019. As explained *supra*, although this action is currently on appeal, under Rule 62.1 the Court can defer, deny, or indicate that it would grant the motion or that the motion raises a substantial issue.

The underlying facts of this case are set forth in the Court's Memorandum Opinion and Order dated October 26, 2012. Distilled to its essence, in his pro se amended petition for writ of habeas corpus, Petitioner raised a total of seven claims: three claims related to the deprivation of his right to a direct appeal and four claims related to the suppression of evidence. The Court granted relief on the direct appeal-related claims, permitting Petitioner to pursue a *nunc pro tunc* direct appeal and consequently, did not address any of the remaining claims.

The Court will defer analysis on the issues raised in Petitioner's Motion for Relief under Rule 60(b); however to the extent that Federal Rule of Civil Procedure 62.1 permits a court to issue an indicative ruling, this Court would grant the Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(1) and/or 60(b)(4).

Due to a docketing error, the Court acted in the mistaken belief that Petitioner had consented to the jurisdiction of a Magistrate Judge and issued a Memorandum Opinion and Order. On closer scrutiny, it appears that the Petitioner did not fully consent to jurisdiction of a Magistrate Judge; therefore, the Memorandum Opinion and Order entered by the Magistrate Judge is void.[1] The Court has examined Petitioner's Consent form and agrees that the Memorandum Opinion and Order was improperly entered by the Court. *See Dewey v. Volkswagen Aktiengesellschaft,* 681 F.3d 170, 180 (3d Cir. 2012) ("The failure to satisfy the requirements of [28 U.S.C.] § 636(c)(1) deprives the magistrate judge of jurisdiction over the case.")

In addition, the Court recognizes that the Motion for Relief from Judgment raises substantial issues as identified in the Certificate of Appealability issued by United States Court of Appeals for the Third Circuit. However, "[a] statement that the motion raises substantial issues does not tie the district court to a particular ruling on the motion after remand." *Apple Inc. v. Samsung Elecs. Co.,* No. 11-c-01846, 2012 WL 4097751, at *3 (N.D. Cal. Sept. 17, 2012) (quoting *In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.,* 810 F. Supp.2d 1060, 1066 (C.D. Cal. 2011)). If the court of appeals remands the action, the Court will allow the parties to fully brief the additional issues raised in the Certificate of Appealability before ruling on that aspect of the Motion for Relief from Judgment.

---

[1] Underneath his signature consenting to jurisdiction by a United States Magistrate Judge, Petitioner typed the following notation: "Petitioner, Thomas G. Parry, hereby reserves the right to appeal to the district court judge from any adverse orders and/or decision as may be found to exist." (ECF No. 19)

**Conclusion**

For the foregoing reasons, Petitioner's request for an indicative ruling will be granted.

AND NOW, this 12th day of November, 2013,

It is hereby **ORDERED** that Petitioner's request for an indicative ruling is **GRANTED**. The Court states that it would vacate its Memorandum Opinion and Order of October 26, 2012, if the United States Court of Appeals for the Third Circuit remanded the currently-pending appeal from that Order back to this Court.

It is further **ORDERED** that pursuant to Rule 62.1(b), Petitioner shall promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 of the Court's decision.

        s/ *Cynthia Reed Eddy*
        Cynthia Reed Eddy
        United States Magistrate Judge

cc:    Elisa A. Long
       Federal Public Defender's Office
       Email: Elisa_Long@fd.org

       Jacquelyn A. Knupp
       Westmoreland County District Attorney's Office
       Email: jknupp@co.westmoreland.pa.us