# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS PARRY, | Civil Action No. 2: 11-cv-1318 |
| Petitioner, | United States District Judge |
| v. | Nora Barry Fischer |
| SUPERINTENDENT KERESTES, *et al.*, | United States Magistrate Judge |
| Respondents. | Cynthia Reed Eddy |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that, for the reasons stated in the Memorandum Opinion and Order of October 26, 2012, as supplemented by this Report and Recommendation, the Amended Petition for Writ of Habeas Corpus be granted to allow Petitioner to pursue his direct appeal rights *nunc pro tunc*. Further, because any discussion on his ineffective assistance of counsel claims would be premature, it is recommended that these claims be stayed pending conclusion of Petitioner's state court proceedings.

As will be further explained in this Report and Recommendation, the Memorandum Opinion and Order conditionally granted the Amended Petition to allow Petitioner to pursue his direct appeal rights *nunc pro tunc*. As a result, Petitioner currently has an appeal pending before the Pennsylvania Superior Court. To the extent Petitioner claims ineffectiveness of his trial counsel for failing to preserve his right to appeal, these claims are now moot. However, the Court is concerned about the effect, if any, the vacatur of the Memorandum Opinion and Order ("Memorandum Opinion") may have on Petitioner's direct appeal rights as the Memorandum Opinion has no force or effect.  In an abundance of caution and in order to preserve Petitioner's

1

direct appeal rights, this Court will address the Amended Petition as though no relief previously had been granted.

**II.    REPORT**

    **A.    Relevant Factual and Procedural History**

The Memorandum Opinion entered by this Court on October 26, 2012 (ECF No. 22), provides a detailed description of the complicated and oft-times confusing factual and procedural history of this case. Because the Court writes primarily for the parties, who are familiar with the facts and proceedings in this case, the Court incorporates by reference the procedural history from the Memorandum Opinion and will not repeat same in this Report and Recommendation. The Court recites herein only those additional developments which have occurred since the Memorandum Opinion was filed.

        1.    *Federal Habeas Proceedings*

At the time Petitioner filed his *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, he was incarcerated at the State Correctional Institution at Mahanoy in Frackville, PA.  Petitioner is currently on parole with his sentence scheduled to expire in April of 2015.

On October 26, 2012, this Court entered a Memorandum Opinion which addressed Petitioner's direct appeal-related claims and granted him a conditional writ of habeas corpus ordering that he must be released from custody unless his direct appeal rights were reinstated *nunc pro tunc* within sixty days (ECF No. 22).  In sum, the Court found that Petitioner's trial counsel provided ineffective assistance of counsel by failing to ensure that Petitioner's direct appeal rights were protected. The Court stated that in light of ordering that Petitioner's direct appeal rights should be reinstated, the Court "need not address any of the remaining claims." Memo. Op. at 8.

On December 28, 2012, Petitioner, *pro se,* filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit regarding the Court's "abstention" from addressing his suppression-related claims (ECF No. 24) and also filed a Request for Certificate of Appealability on the issue of whether he was entitled to a new suppression hearing and a new trial (ECF No. 25).

On January 7, 2013, the Court of Appeals issued an Order remanding the matter for the sole purpose of either issuing a certificate of appealability or stating reasons why a certificate of appealability should not issue (ECF No. 30). On that same day, Petitioner filed in this Court a Motion to Withdraw Notice of Appeal (ECF No. 31), which was granted by this Court on January 8, 2013.

On January 14, 2013, the appellate court noted that because an appeal had been docketed, this Court had improvidently granted the motion to withdraw and therefore the Court's Order granting the motion to withdraw the appeal was a nullity. *See* Federal Rule of Appellate Procedure 42(a). However, in light of Petitioner's apparent intent to discontinue the appeal, the Court of Appeals advised that it would close the case unless Petitioner filed a statement expressing his desire to continue the appeal.

On January 28, 2013, Petitioner filed a statement in the Court of Appeals in which he expressed his desire to continue his appeal. Accordingly, the appeal remained pending. On May 20, 2013, the appellate court granted a Certificate of Appealability and directed the parties to brief the following five (5) issues:

(1) "whether appellant's pro se consent to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(C)1) is effective in light of his purported reservation of the right to appeal the Magistrate Judge's rulings to a District Judge (Dist. Ct. Docket No. 19) and his later filing of

"objections" to the Magistrate Judge's ruling and, if not, the effect of the invalid consent on the Judge's and this Court's jurisdiction."

(2) "whether the Magistrate Judge erred in declining to reach appellant's claims in light of his apparent withdrawal of the claims on which the Magistrate Judge granted relief (Dist. Ct. Docket No. 13 at 9), the fact that success on appellant's suppression-related claims would have resulted in a different remedy (i.e., a new trial) than the Magistrate Judge afforded (i.e., *nunc pro tunc* direct appeal), and the fact that the brevity of appellant's sentence may prevent him from obtaining relief on these claims on direct appeal or in a subsequent proceeding under the Post Conviction Relief Act or a subsequent federal habeas proceeding;"

(3) "whether appellant had or now has a full and fair opportunity to litigate his Fourth Amendment claims in state court;"

(4) "whether these claims are unexhausted or procedurally defaulted or otherwise properly before a federal court in light of the Magistrate Judge's ruling that appellate is entitled to a direct appeal nunc pro tunc and the apparent pendency of further state court proceedings;" and

(5) "Appellant's custody status and the nature and status of his state court proceeding."

Certificate of Appealability, May 20, 2013. On June 18, 2013, the Court of Appeals appointed the Federal Public Defender Organization for the Western District of Pennsylvania to represent Petitioner in his habeas appeal.

On October 23, 2013, Petitioner, through counsel, filed in this Court a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), which, *inter alia*, argued that the Magistrate Judge was without jurisdiction to enter the Memorandum Opinion and Order of

October 26, 2012, and asked the Court to issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1, indicating that the Court would vacate the Memorandum Opinion if the appellate court remanded the currently-pending appeal.

After a careful review of the record, the Court on November 12, 2013, issued a Memorandum Order in which it recognized that Petitioner had raised substantial issues as identified in the Certificate of Appealability, especially in that it appeared that the Court acted in the mistaken belief that Petitioner had consented to the jurisdiction of the Magistrate Judge and, therefore, the Memorandum Opinion was void. The Court further stated that if the Court of Appeals remanded the action, the Court would allow the parties an opportunity to fully brief the additional issues raised in the Certificate of Appealability.

On December 23, 2013, the Court of Appeals remanded the case to this Court for further proceedings (ECF No. 36). On February 14, 2014, after several status conferences with counsel, the Court issued a Supplemental Briefing Schedule instructing the parties to file supplemental briefings on the issues identified in the Certificate of Appealability (ECF No. 47).

Petitioner filed his Supplemental Brief on March 10, 2014, with appendices (ECF Nos. 43 - 45); Respondent filed its Supplemental Answer on April 4, 2014 (ECF No. 47); and Petitioner filed his Reply on April 11, 2014 (ECF No. 49).

Contemporaneously with the filing of this Report and Recommendation, the Court has vacated its Memorandum Opinion (See ECF No. 51 and Text Order of May 6, 2014).[1] As a result of vacating the Memorandum Opinion, the Amended Petition for habeas relief has effectively

---

[1] The irony is not lost on the Court that although Petitioner requested that the Memorandum Opinion be vacated, it is that exact Memorandum Opinion which has been utilized in having Petitioner's direct appeal rights reinstated. This Court expresses no opinion on the effect, if any, the vacatur of the Memorandum Opinion will have on Petitioner's pending appeal in Superior Court.

been revived. The Court will, therefore, proceed to re-examine the issues raised in the Amended Petition, as well as examine the arguments presented in the supplemental briefings. To the extent possible, the Court incorporates by reference the analysis and findings of the vacated Memorandum Opinion as though set forth fully herein.

2. *Direct Appeal Proceedings*

On January 10, 2013, the Pennsylvania Superior Court reinstated Petitioner's direct appeal rights *nunc pro tunc*. The following week, on January 16, 2013, Petitioner filed *pro se* a Post-Sentence Motion for Judgment of Acquittal or a New Trial, which was denied by the trial judge "as being beyond the scope of the Federal Court's Order reinstating the defendant's appeal rights nunc pro tunc." *See* Criminal Docket, Court of Common Pleas of Westmoreland County, Docket Number CP-65-CR-0005021-2007.

On February 7, 2013, Attorney James J. Geibig was appointed to represent Petitioner on his reinstated direct appeal. Petitioner / Appellant filed his counseled brief in the Pennsylvania Superior Court on November 20, 2013, and Respondent / Appellee filed its Brief in opposition on December 11, 2013.

On February 10, 2014, Petitioner / Appellant filed in Superior Court an Application for Stay pending resolution "of the outstanding claims in Mr. Parry's 28 U.S.C. § 2254 petition." (ECF No. 41-3, ¶ 6.) On February 14, 2014, the Superior Court granted Petitioner's request for a stay for a period of sixty (60) days. On April 7, 2014, Petitioner filed a second stay of appellate proceedings for an additional sixty (60) days, which was likewise granted. *See* Appeal Docket Sheet, Pennsylvania Superior Court, Docket Number: 549 WDA 2013.

B.   **Legal Standard**

In its Memorandum Opinion, this Court fully set forth the appropriate standards governing federal habeas review. That discussion in its entirety is incorporated by reference herein.

C.   **Discussion**

On November 7, 2011, Petitioner filed an Amended Petition for Writ of Habeas Corpus in which he raised a total of seven claims: three (3) claims relating to the deprivation of his right to a direct appeal (Claims One through Three) and four (4) claims relating to suppression-related issues (Claims Four through Seven).

a.   *Claims One Through Three*

Petitioner has not challenged the Court's finding that he is entitled to relief as he was denied his right to pursue his direct appeal with effective assistance of counsel. In fact, based on that finding, Petitioner's direct appeal rights have been reinstated *nunc pro tunc* with appellate counsel appointed to represent him on direct appeal. The appeal in the Superior Court remains pending, although it is currently stayed at the present time.

In its Certificate of Appealability, however, the Court of Appeals made reference to Petitioner's "apparent withdrawal of the claims on which the Magistrate Judge granted relief." Certificate of Appealability, at 2. The Court addresses that comment.

At the time Petitioner filed his Reply to Answer to Petition for Writ of Habeas Corpus (ECF No. 13), he was proceeding *pro se*. In his Reply, for the first time Petitioner stated "to save judicial resources Petitioner wishes to withdraw all non-trial counsel ineffective assistance claims, i.e., claims 1, 2, and 3." Reply at 9 (ECF No. 13). Recognizing that a court must construe *pro se* filings liberally, the Court proceeded to review Petitioner's ineffective

assistance of counsel claims with regard to the denial of his right to pursue direct appeal. *Montgomery v. Brierly*, 414 F.2d 552, 555 (3d Cir. 1969). *Rainey v. Varner*, 603 F.3d 189, 200 (3d Cir. 2010). Suspecting that these claims may have merit, the Court proceeded to fully analyze the claims, ultimately finding that Petitioner, in fact, was entitled to relief on those claims.

Because the state court has reinstated Petitioner's direct appeal rights *nunc pro tunc,* there is no need to further discuss Claims 1 through 3. The Court adopts and incorporates as though fully stated herein that portion of the Memorandum Opinion which granted conditional relief on Petitioner's direct appeal claims.

      b.    *Claims Four through Seven*

In its Memorandum Opinion, the Court did not address the four (4) suppression-related claims because the Amended Petition had been conditionally granted to allow Petitioner to have his direct appeal rights reinstated.

In his supplemental briefs, Petitioner strongly disagrees with this Court's decision not to address Claims 6 and 7.[2] Petitioner argues that the Court should have addressed these claims because success on these claims will afford him "greater relief" than the relief afforded by granting him a direct appeal. However, as explained *infra*, nothing in Petitioner's supplemental filings persuades this Court that a different conclusion should be reached.[3]

---

[2] During a status conference, counsel for Petitioner stated that Petitioner would seek to have Claims 4 and 5 dismissed without prejudice as these claims are pending before the Superior Court. To date, these claims remain pending as Petitioner has not sought to have them dismissed.

[3] Petitioner contends that because Respondent addressed only three of the five issues which the Court directed the parties to address in their supplemental briefings, Respondent has "effectively conceded" these claims. Petitioner provides the Court with no authority for this

8

As an initial matter, the Court notes that Respondent does not dispute that Claims 4 through 7 of the Amended Petition are exhausted. *See* ECF No. 12 at 8. However, Respondent disagrees that success on the ineffective assistance of counsel claims will afford Petitioner greater relief than the relief afforded him by granting a *nunc pro tunc* direct appeal. Supp. Ans. at ¶ 11 (ECF No. 47).

Petitioner has provided the Court with no precedential authority for his proposition that the Court should grant the claims which afford "greater relief." Petitioner cited five (5) cases for the proposition that "[a] court faced with multiple claims generally resolves the claims providing the greater or more complete relief first. . . ." Supp. Br. at 35. Notably, four of the five cases cited are <u>not</u> federal habeas cases[4] and, therefore, they have no applicability to this federal habeas case filed by a state prisoner. The only federal habeas case cited by Petitioner is *Jordan v. Dretke*, a Fifth Circuit decision, in which the appellate court reversed the grant of habeas corpus relief which was granted on petitioner's pretrial ineffective assistance of counsel claims, and remanded so that petitioner's claims regarding counsel's representation at trial or his *Brady* claim otherwise entitled him to relief. This case also has no applicability to the instant case.

---

contention. Without unnecessary elaboration, the Court finds this argument to be without merit. From the outset, in three different courts, Respondent has opposed every claim that Petitioner has raised (i.e., this Court, the Court of Appeals, and the Pennsylvania Superior Court). In its supplemental briefing, Respondent specifically states that the Amended Petition should be dismissed and incorporates by reference its Answer to the Petition. The Court finds that it is reasonable to proceed as if Respondent opposes all five of these issues.

[4] *Marcia v. Sullivan* is a Ninth Circuit decision involving a Social Security appeal; *United States v. Heltsley* is Ninth Circuit decision involving a direct appeal of a criminal conviction; *Heller Int'l Corp v. Sharp*, is a Seventh Circuit decision involving a direct appeal of a civil case; and *Gean v. Cling Surface Co.*, is an Eleventh Circuit decision involving the district court's order granting JNOV after a jury entered a verdict for the plaintiff.

The United States Court of Appeals for the Third Circuit has noted that courts reviewing habeas petitions ordinarily "fashion[] a remedy designed to spur the state courts to fulfilling their constitutional obligations to the Defendant." *St. George v. District Attorney of County of Philadelphia*, 529 F. App'x 226, 229 (3d Cir. 2013) (quoting *Heiser v. Ryan*, 15 F.3d 299, 306 (3d Cir. 1994)). In this case, conditional habeas relief is being recommended based on the conclusion that the failure of Petitioner's counsel to file an appeal was objectively unreasonable. Petitioner is now "in the same position he would have been in if he had had effective assistance of counsel." *Id*. at 229 (quoting *U.S. v. Shedrick*, 493 F.3d 292, 303 (3d Cir. 2007)).

Next, the Court continues to decline to reach the merits of Petitioner's ineffective assistance of trial counsel claims because, as discussed *supra*, in granting Petitioner's Amended Petition based on his right to direct appeal, the state court is now addressing the claims underlying his ineffective assistance claims (his stand-alone suppression claims). Significantly, if the state court finds on his direct appeal that Petitioner's stand-alone suppression claims have merit, his related ineffective assistance of counsel claims may become moot. And, in the event that the state court denies Petitioner's claims on direct appeal, it likely will make particularized findings that will have an impact on this Court's analysis of Petitioner's ineffective assistance of counsel claims. Given the recommendation on Petitioner's right to direct appeal, any discussion of his remaining ineffective assistance claims would be premature. *See Dorn v. Lafler*, 601 F.3d 439, 455 n. 4 (6th Cir. 2010).

Finally, Petitioner argues that "[t]he brevity of his sentence will most certainly mean he will not be able to seek relief under the Post Conviction Relief Act . . . . This, in turn, means that he will not be able to seek or obtain relief in state court for the Sixth Amendment

10

ineffective assistance of counsel claims left unresolved by the Court." Pet's Supp. Br. at 18 - 19.[5] By his reasoning this provides a basis for this Court to now address his ineffective assistance of counsel claims on the merits. This argument is not only speculative but it is also unconvincing. Petitioner may be granted the relief he seeks on direct appeal. If that occurs, he may not need to pursue any other challenges to his judgment of sentence in either a PCRA proceeding in state court or in a federal habeas proceeding in this Court.

However, in this case, and because of these unique circumstances, this Court recommends that litigation on Claims 4 through 7 be stayed in this Court pending conclusion of Petitioner's state court proceedings. *Rhines v. Weber,* 544 U.S. 269, 277-78 (2005). *See also, Gerber v. Varano,* 512 F. App'x 131, 135 (3d Cir. 2013); *Heleva v. Brooks,* 581 F.3d 187, 192 (3d Cir. 2009); *Leyva v. Williams*, 504 F.3d 357, 363, 368 n. 16 (3d Cir. 2007).[6] The stay should alleviate any concerns expressed by both Petitioner and the Court of Appeals about the effect of the brevity of Petitioner's sentence on this Court's jurisdiction should Petitioner desire to seek federal habeas review.

This stay should be conditioned upon Petitioner returning to federal court within thirty (30) days of the conclusion of his state court proceedings. *See Rhines*, 544 U.S. at 278 ("district courts should place reasonable time limits on a petitioner's trip to state court and back") (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (thirty days is a reasonable time

---

[5] In Pennsylvania, a petitioner may not raise a claim of ineffective assistance of trial counsel until collateral review. *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) (holding "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review").

[6] In *Leyva v. Williams*, the court of appeals concluded that the completion of a prisoner's sentence, which terminated his state collateral attacks, did not constitute a procedural default of constitutional claims because it was outside of the prisoner's control. *Leyva*, 504 F.3d 357, 369 (3d Cir. 2007).

interval to give a petitioner to return to federal court following pendency of state court proceedings)).

After a careful and thorough reexamination of the original briefings, which were filed by Petitioner *pro se*, as well as a careful and thorough examination of the supplemental briefings, which were filed by counsel on behalf of Petitioner, the Court continues to find that it need not address, at this time, Claims 4 through 7 of the Amended Petition. However, in an abundance of caution, the Court will recommend that these claims be stayed pending conclusion of Petitioner's state court proceedings.

**Certificate of Appealability**

Because it is being recommended that Petitioner be granted conditional relief on his direct appeal claims and that the remainder of his claims be stayed pending conclusion of his state court proceedings, it is also recommended that no certificate of appealability be issued.

**Conclusion**

For all of the above reasons, the Court adopts and incorporates its Memorandum Opinion and Order as supplemented by this Report and Recommendation. The Court recommends that the Amended Petition for Writ of Habeas Corpus be conditionally granted to allow Petitioner to continue to pursue his direct appeal rights *nunc pro tunc*. It is further recommended that litigation in this habeas corpus proceeding on Counts 4 through 7 of the Amended Petition be stayed pending conclusion of Petitioner's state court proceedings.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until May 20, 2014, to file Objections to this Report And Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file

Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/ <u>*Cynthia Reed Eddy*</u>
Cynthia Reed Eddy
United States Magistrate Judge

Dated: May 6, 2014

cc:    Elisa A. Long
Federal Public Defender's Office
Email: Elisa_Long@fd.org

Jacquelyn A. Knupp
Westmoreland County District Attorney's Office
Email: jknupp@co.westmoreland.pa.us