# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS PARRY,

        Petitioner,

v.

SUPERINTENDENT KERESTES, *et al.*,

        Respondents.

)
)
)
)
)
)
)
)
)

Civil Action No. 2: 11-cv-1318

United States District Judge
Nora Barry Fischer

United States Magistrate Judge
Cynthia Reed Eddy

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Petitioner Thomas Parry ("Petitioner" or "Parry"), which is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] Parry is challenging his 2010 convictions and sentence in the Court of Common Pleas of Westmoreland County, Pennsylvania. For the reasons set forth below, it is respectfully recommended that the Amended Petition for Writ of Habeas Corpus be denied and a certificate of appealability be denied.

## II.    REPORT

### A.    Relevant Factual and Procedural History

This case has a lengthy and oft-times confusing factual and procedural history, including, *inter alia*, two post-conviction relief petitions filed in state court (ECF Nos. 12-7 and 12-8), a decision from the Superior Court of Pennsylvania affirming the PCRA court's orders denying

---

[1]    At the time the Petition and Amended Petition were filed, Petitioner was proceeding pro se. However, on June 18, 2013, the United States Court of Appeals for the Third Circuit appointed the Federal Public Defender Organization for the Western District of Pennsylvania to represent Petitioner.

Petitioner's PCRA petitions (ECF No. 12-4), a decision from the Superior Court of Pennsylvania affirming the PCRA Order which denied Petitioner's motion under Pennsylvania Rule of Appellate Procedure 1926 to modify the record and docket entries (ECF No. 12-6), the instant federal habeas applications (ECF Nos. 4 and 6), in which Petitioner was granted partial relief and his direct appeal rights were reinstated *nunc pro tunc* (ECF Nos. 22, 52, and 53), an appeal to the United States Court of Appeals for the Third Circuit (ECF No. 24), a remand by the appellate court to the district court for further proceedings (ECF No. 36), and a recent decision from the Pennsylvania Superior Court affirming Parry's 2010 convictions and sentence (ECF No. 54-1).

Little of the factual or procedural background of this case is truly necessary for the proposed disposition of the Amended Petition before the Court. The Memorandum Opinion filed on October 26, 2012 (ECF No. 22) and the Report and Recommendation filed on May 6, 2014 (ECF No. 52), provide a detailed description of the complicated factual and procedural history of the case. Because the Court writes primarily for the parties, who are familiar with the facts and proceedings in this case, the Court incorporates by reference the procedural histories from the above referenced Memorandum Opinion and Report and Recommendation and will not repeat same herein. The Court recites herein only those additional developments which have occurred since the May 6, 2014, Report and Recommendation was filed.

1.  *Federal Habeas Proceedings*

At the time Parry filed his *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, he was incarcerated at the State Correctional Institution at Mahanoy in Frackville, PA. Petitioner is currently on parole with his sentence scheduled to expire in April of 2015.

By Order of May 6, 2014, the undersigned granted Petitioner's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), finding that the Memorandum

Opinion and Order of October 26, 2012, had been improvidently entered and as such was void and should be vacated. (ECF No. 51.) By Text Order of May 6, 2014, the Memorandum Opinion and Order was vacated, which effectively revived the Amended Petition for habeas relief.

Contemporaneously with these Orders, the undersigned also issued a Report and Recommendation (ECF No. 52), which recommended that, for the reasons stated in the Memorandum Opinion and Order of October 26, 2012, as supplemented by the Report and Recommendation, the Amended Petition for Writ of Habeas Corpus should be granted to allow Parry to pursue his direct appeal rights *nunc pro tunc*. It was also recommended that because any discussion of Petitioner's ineffective assistance of counsel claims was premature, those claims should be stayed pending conclusion of Petitioner's state court proceedings.

By Order of May 23, 2014, the Report and Recommendation was adopted as the Opinion of the Court. (ECF No. 53.) It was further ordered that the litigation in this habeas corpus proceeding on Claims 4 through 7 of the Amended Petition be stayed pending conclusion of Petitioner's state court proceedings.

On August 11, 2014, Petitioner, through counsel, notified the Court that the Superior Court of Pennsylvania had affirmed his conviction and sentence. Thereafter, the stay on the instant litigation was lifted. *See* Text Order of August 12, 2014. The matter is ripe for disposition.

2**.**    *Reinstatement of Direct Appeal Rights Nunc Pro Tunc*

Parry raised two issues on direct appeal:

1.      Did the Suppression Court err in using the reasonable suspicion standard as opposed to using the probable cause standard in determining the validity of the traffic?

2.      Did the Suppression Court err in finding that the evidence and record was sufficient to justify the validity of the initial traffic stop even under a reasonable suspicion standard?

In its decision of July 11, 2014, the Superior Court found that the police had probable cause to stop Parry and that the trial court properly declined to suppress the evidence. The Superior Court affirmed Parry's convictions and sentence. (ECF No. 54-1). The appellate court also noted that its decision rendered moot Parry's second issue. As the court explained, "[o]bviously if there was probable cause to believe that appellant committed careless driving, there was reasonable suspicion because that is a lesser degree of belief that criminal activity is afoot." Superior Court decision at n.5 (ECF No. 54-1).[2]

## B.      Standards Governing Federal Habeas Corpus Review

### 1.      *Exhaustion and Procedural Default*

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state prisoner's claims prior to exhaustion when no appropriate state remedy exists. *Christy v. Horn*, 115 F.3d 201, 206 (3d Cir. 1997). A petitioner shall not be deemed to have exhausted state remedies, however, if he has the right to raise his claims by any available state

---

[2]      Petitioner, through counsel, has represented to the Court that he does not intend to file a petition for allowance of appeal with the Pennsylvania Supreme Court.

procedure. 28 U.S.C. § 2254(c). "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Like the exhaustion doctrine, the procedural default doctrine was developed to promote our dual judicial system and, in turn, it is based upon the "independent and adequate state law grounds" doctrine, which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgment. *Coleman,* 501 U.S. 722, 750 (1991).

### 2. Merits Standard

Once a court has determined that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). That section states, in relevant part, that exhausted claims that have been adjudicated on the merits by the state courts are subject to review under the standard of whether they are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). AEDPA places the burden on the petitioner to make this showing. *Williams v. Taylor*, 529 U.S. 362 (2000).

The "contrary to" and "unreasonable application of" clauses of Section 2254 have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court judgment is "contrary to" federal law when it is "diametrically different, opposite in character or nature, or mutually opposed" to "clearly established" decisions of the United States Supreme Court.

*Williams*, 529 U.S. at 405. This may occur if "the state court ignores or misapprehends clear precedent or it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' " *Wilkerson v. Klem*, 412 F.3d 449, 452 (3d Cir. 2005) (quoting *Williams*, 529 U.S. at 406). Alternatively, "[a]n 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts[ ] of petitioner's case." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (quoting *Wiggins v. Smith*, 539 U.S. 510, 519, 520 (2003)). For the purposes of Section 2254(d)(1), "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citations omitted).

"Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 75–76 (quoting *Williams,* 529 U.S. at 411). Rather, "[t]he state court's application of clearly established law must be objectively unreasonable" before a federal court may grant the writ. *Andrade,* 538 U.S. at 75.

By its terms, Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Thus, § 2254(d)(1)'s "clearly established Federal law" signifies the holdings, not the dicta, of Supreme Court decisions. *Howes v. Fields*, --U.S. --, 132 S.Ct. 1181, 1187 (2012). *See also Lopez v. Smith*, -- U.S. --, 2014 WL 4956764 (Oct. 6, 2014) (AEDPA "prohibits the federal courts of appeals from relying on their

6

own precedent to conclude that a particular constitutional principle is 'clearly established'. ") Finally, "under the AEDPA standard, the '[s]tate court[s'] relevant factual determinations are presumed to be correct unless the petitioner rebuts [that] presumption by clear and convincing evidence.' " *McBride v. Superintendent, SCI Houtzdale*, 687 F.3d 92, 101 (3d Cir. 2012) (quoting *Han Tak Lee v. Glunt*, 667 F.3d 397, 403 (3d Cir. 2012)) (citing 28 U.S.C. § 2254(e)(1)).

Turning to Section 2254(d)(2), the test for the "unreasonable determination of facts" clause is whether the petitioner has demonstrated by "clear and convincing evidence," 28 U.S.C. § 2254(e)(1), that the state court's determination of the facts was unreasonable in light of the record. *Rountree v. Balicki,* 640 F.3d 530, 537 (3d Cir. 2011) (citing *Rice v. Collins*, 546 U.S. 333, 338–39 (2006) ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.' ")); *see also Simmons v. Beard*, 590 F.3d 223, 231 (3d Cir. 2009) ("Under the § 2254 standard, a district court is bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence."). Further, as with Section 2254(d)(1), the evidence against which a federal court measures the reasonableness of the state court's factual findings is the record evidence at the time of the state court's adjudication. *Rountree,* 640 F.3d at 538 (citing *Cullen v. Pinholster,* -- U.S. --, 131 S.Ct. 1388, 1401–03 (2011)).

The United States Supreme Court has clarified the test a district court must apply before granting relief where the court finds constitutional error:

> [I]n § 2254 proceedings a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the "substantial and injurious effect" standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 113

S.Ct. 1710, 123 L.Ed.2d 353 (1993), whether or not the state appellate court recognized the error and reviewed it for harmlessness under the "harmless beyond a reasonable doubt" standard set forth in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

*Fry v. Pliler,* 551 U.S. 112, 121–22 (2007). Thus, even if the Court concludes that constitutional error occurred in the state court, the Court may not grant relief unless the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 631; *Bond v. Beard*, 539 F.3d 256, 276 (3d Cir. 2008); *see also O'Neal v. McAninch,* 513 U.S. 432, 436 (1995) ("When a federal judge in a habeas proceeding is in grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict, that error is not harmless." (quotations omitted)).

In addition, the Supreme Court has stated, "If this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, -- U.S. ---, 131 S.Ct. 770, 786, (2011). Section 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents. It goes no farther." *Id*. Further, it was designed to be difficult "to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, -- U.S. ----, 132 S.Ct. 1309, 1316 (2012).

Finally, AEDPA scrutiny is applicable only if the state court adjudicated the petitioner's claims "on the merits." 28 U.S.C. § 2254(d); *Fahy v. Horn*, 516 F.3d 169, 189-90 n.20 (3d Cir. 2008) (the court "must conduct a de novo review over pure legal questions and mixed questions of law and fact, as a court would have done prior to the enactment of AEDPA."). "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties'

claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004), *rev'd on other grounds*, *Rompilla v. Beard*, 545 U.S. 374 (2005) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001)). Further, an "adjudication on the merits" can occur at any level of state court. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). Where a state court has not reached the merits of a claim thereafter presented to a federal habeas court, the deferential AEDPA standards do not apply, and the federal court must exercise *de novo* review over pure legal questions and mixed questions of law and fact. *Simmons v. Beard*, 581 F.3d 158, 165 (3d Cir. 2009) (citing *Appel*, 250 F.3d at 210). However, the state court's factual determinations are still presumed to be correct, rebuttable upon a showing of clear and convincing evidence.[3] *Simmons,* 581 F.3d at 165 (citing *Appel*, 250 F.3d at 210).

### 3.    *Ineffective Assistance of Counsel Standard*

Because several of the issues Petitioner raises in this habeas petition are issues of ineffectiveness of counsel, the Court will set forth the applicable standard. A claim for ineffective assistance of counsel is governed by the two-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a petitioner must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) the deficient representation was prejudicial to the petitioner. *Id.* at 688. In determining whether counsel has met the objective standard of reasonableness, courts must be highly deferential towards trial counsel's conduct. *Id.* at 686. "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the

---

[3]       In fact, "the § 2254(e)(1) presumption of correctness applies regardless of whether there has been an 'adjudication on the merits' for purposes of § 2254(d)." *Thomas,* 570 F.3d at 116 (quoting *Nara v. Frank*, 488 F.3d 187, 200-01 (3d Cir. 2007).

circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. There is a 'strong presumption' that counsel's performance was reasonable." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001) (alteration in original) (citations and quotations omitted). Counsel cannot be deemed ineffective for failing to raise a meritless claim. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). To satisfy the prejudice prong, a petitioner must show a reasonable probability that, but for the errors of his or her counsel, the outcome of the proceeding would have been different. *Strickland,* 466 U.S. at 694.

The two-prong test for ineffective assistance of counsel established in *Strickland* "qualifies as 'clearly established Federal law' " for purposes of AEDPA. *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 391 (2000)).[4] Thus, under § 2254(d)(1)-(2), the relevant inquiry in assessing ineffectiveness claims that have been adjudicated on the merits is whether the state court's decision involved an unreasonable application of *Strickland* or is based on an unreasonable determination of the facts. *Jacobs v. Horn*, 395 F.3d 92, 107 n. 9 (3d Cir. 2005); *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000). In conducting this analysis, the Court is cognizant that:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," [*Strickland*, 466 U.S.] at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, [*Knowles v.*

---

[4]      Pennsylvania applies the same test for ineffective assistance of counsel as the federal courts. *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000). In Pennsylvania, the ineffective assistance of counsel standard requires the petitioner to "rebut the presumption of professional competence" by demonstrating: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interest; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Sneed*, 899 A.2d 1067, 1076 (Pa. 2006) (citing *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001)). If the petitioner fails to satisfy any of the standard's prongs, the claim will be rejected. *Id.*

*Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009) ]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at 123–25, 129 S.Ct. 1411.

*Harrington*, 131 S.Ct. at 788; *see also Knowles*, 556 U.S. at 123 ("[B]ecause the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, (2004))).

Finally, the reviewing court must evaluate counsel's performance in light of the totality of the evidence. *Strickland*, 466 U.S. at 695–96; *see also Jacobs*, 395 F.3d at 106–07. It is the petitioner's burden to establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim. *Strickland,* 466 U.S. at 697; *see also Jacobs,* 395 F.3d at 102.

## C.     Discussion

The Court observes, as a threshold matter, that the parties concur that the exhaustion requirement has been met. The Commonwealth maintains, however, that Petitioner's claims remain procedurally defaulted. Petitioner responds that "claims 4, 5, and 6, are inclusive subsidiary issues that encompass trial counsel's ineffectiveness in conducting suppression procedures noted at claim 7, " Pet's pro se Reply at 6 (ECF No. 13), and that the Court should "consider all allegations of ineffective assistance of counsel that his filings can be fairly read as asserting." Pet's Supp. Br. at 13 (ECF No. 43).

The Court has concerns that Petitioner's ineffective assistance of counsel claims may not be exhausted and that the Commonwealth's procedural default argument may be premature; however, rather than enter the fray over the questions of exhaustion and procedural default, and in light of the unusually protracted history of this litigation, the issues raised (expressly or

potentially in light of applicable *pro se* lenience) in various briefs at various stages, and given the concern expressed by the United States Court of Appeals for the Third Circuit,[5] the Court has afforded Petitioner the "benefit of the doubt," extended him the utmost *pro se* consideration, and will review his claims on the merits under the applicable standards.  If the state court has reached the merits of the claim, the Court will apply the deferential AEDPA standards.  If the state court has not reached the merits of a claim, the court will exercise *de novo* review over pure legal questions and mixed questions of law and fact.  *Simmons*, 581 F.3d at 165.

The Court will now address Petitioner's claims seriatim.  Petitioner's Amended Petition for Writ of Habeas Corpus raises the following seven (7) claims:

1.      Ineffective assistance of trial counsel for trial counsel's failure to file a direct appeal or otherwise protect Petitioner's direct appeal rights.

2.      Failure of trial court to provide court appointed counsel to pursue the pro se appeal filed by Petitioner.

3.      Obstruction of right to assistance of counsel through ministerial error.

4.      Unlawful search and seizure.

5.      Insufficient evidence to support charge of careless driving based on suppression testimony.

6.      Ineffective assistance of trial counsel for trial counsel's failure to object to the summation offered by the Assistant District Attorney at the close of the suppression hearing.

---

[5]      In its Order granting a certificate of appealability, our appellate court expressed concern that "the fact that the brevity of appellant's sentence may prevent him from obtaining relief on these claims on direct appeal or in a subsequent proceeding under the Post Conviction Relief or a subsequent federal habeas proceeding."  Cert. of Appealability, at 2.  The PCRA statute, unlike the federal writ of habeas corpus, requires that the petitioner be "in custody" at the time the Petition is granted.  *See Commonwealth v. Turner,* 80 A.3d 754 (Pa. 2013); *Commonwealth v. Descardes,* -- A.3d ---, 2014 WL 4696243 (Pa. Super. 2014); 42 Pa. Cons. Stat. Ann. § 9543(a)(1)(i) - (iii).  The federal writ of habeas corpus requires that the petitioner be "in custody" at the time the petition is filed.  Petitioner is currently on parole with his sentence scheduled to expire in April of 2015.

7. Ineffective assistance of trial counsel for trial counsel's failure to reopen the suppression motion at the non-jury trial.

    a.    *Claims One Through Three*

Claims One through Three all relate to the unconstitutional denial of Petitioner's right to file post-trial motions and to pursue a direct appeal. As relief, Petitioner sought, *inter alia*, the right to file post-trial motions and a direct appeal, with appointed counsel, *nunc pro tunc*. As discussed *supra*, the Court previously granted relief on these three (3) claims. Therefore, because the state court reinstated Petitioner's direct appeal rights *nunc pro tunc,* and his direct appeal was pursued, there is no need to further discuss Claims 1 through 3 as these claims are moot.

    b.    *Claims Four and Five - Fourth Amendment Violation*[6]

Petitioner makes two (2) separate but related challenges to the legality of the traffic stop. In claim four, Petitioner alleges illegal search and seizure without reasonable suspicion and/or probable cause and in claim five, Petitioner alleges insufficient evidence to support the charge of careless driving.

Pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), a federal court cannot provide habeas review of a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. *See also Wright v. West*, 505 U.S. 277, 293 (1992). A petitioner is considered to have had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or

---

[6] During a status conference, counsel for Petitioner stated that Petitioner would seek to have Claims 4 and 5 dismissed without prejudice as these claims were pending before the Superior Court. To date, these claims remain pending as Petitioner has not sought to have them dismissed.

seizure, irrespective of whether the petitioner actually availed himself of that mechanism. *See U.S. ex rel. Hickey v. Jeffes,* 571 F.2d 762, 766 (3d Cir. 1978); *Boyd v. Mintz,* 631 F.2d 247, 250 (3d Cir.1980). Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim, and therefore, avoids the *Stone* bar, if the state system contains a structural defect that prevents petitioner's claim from being heard. *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).

Here, the record reveals that Parry had a full and fair opportunity to litigate his Fourth Amendment claim. He challenged the legality of the traffic stop in a pre-trial suppression motion and on direct appeal to the Superior Court. To the extent that Parry contends that the Superior Court erred in its decision, the issue as to whether a state court correctly denied a suppression motion is irrelevant when determining if the petitioner had a "full and fair opportunity" to litigate the claim. *See Marshall*, 307 F.3d at 82 ("an erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar."). Under *Stone*, federal habeas review is unavailable. *Id*. at 81. Accordingly, it is recommended that claims four and five be denied as barred from federal habeas review.

     c.      *Claims Six and Seven*

It is difficult to discern the precise ineffective assistance of counsel issues raised by Petitioner in his PCRA Petitions. It appears that in his first PCRA Petition, Petitioner asserted it was ineffective assistance of counsel for his trial counsel to agree to allow the Commonwealth to present evidence to the non-jury trial by way of a series of stipulated facts to the trial judge. Motion for Post Conviction Collateral Relief, at ¶ 12 (ECF No. 12-7). In his second PCRA Petition, it appears that Petitioner raised the following two ineffective assistance of counsel claims:

(i)     ineffective assistance of trial counsel in failing to preserve Petitioner's appellate rights before withdrawing as counsel; and

(ii)    ineffective assistance of PCRA counsel for failing to request reinstatement of direct appeal rights.

Motion for Post Conviction Collateral Relief, at 3 (ECF No. 12-8).

In his PCRA appeal, Petitioner raised the following ineffective assistance of counsel claims:

(i)     ineffective assistance of trial counsel due to fact that trial counsel stated to trial court he would file an appeal on Petitioner's behalf and then failed to do so;

(ii)    ineffective assistance of PCRA counsel who filed a no-merit letter to the first PCRA Petition filed when Petitioner believes a meritorious issue existed.

It is not clear from the record that Claims Six and Seven of the Amended Petition were "fairly presented" to the state courts.[7]   However, as discussed *supra,* the Court will afford Petitioner the benefit of the doubt, and will review these claims on the merits using a de novo standard. *Simmons,* 581 F.3d at 165.


a.     <u>Ineffective Assistance at the Suppression Hearing</u>

In this claim, Parry contends that his counsel provided ineffective assistance with respect to the presentation of the motion to suppress in three respects.  First, Parry contends that counsel erroneously argued that the traffic stop had to be supported by reasonable suspicion, rather than probable cause.  The Pennsylvania Superior Court addressed and rejected this precise argument

---

[7]     Even assuming that Claims 6 and 7 were previously raised, the record does not reflect that Petitioner pursued these claims on appeal to the Pennsylvania Superior Court when he appealed the denial of his PCRA petitions.

on direct appeal, concluding that, under either standard, Trooper Zona had sufficient probable cause to stop the vehicle:

> Our decision renders appellant's second issue moot. Obviously, if there was probable cause to believe that appellant committed careless driving, there was reasonable suspicion because that it a lesser degree of belief that criminal activity was afoot.

Superior Court Memorandum, July 11, 2014 at n. 5 (ECF No. 54-1). Consequently, even if counsel's application of a reasonable suspicion standard could be characterized as erroneous, the Superior Court's conclusion that the traffic stop was supported by sufficient cause under either standard preempts any possibility that the "result of the proceeding would have been different" if not for the alleged error. *See Strickland*, 466 U.S. at 694. Therefore, the Court is unable to recommend that habeas relief be granted on this claim.

Parry next contends that counsel provided ineffective assistance when he failed to call Marshall E. Kelley, Jr., ("Kelley") as a defense witness at the suppression hearing. According to Parry, Kelley would have contradicted the testimony of Officer Zona and testified that the tires on the Ford Tempo could not have spun and squealed.

To establish ineffectiveness for failure to call a witness under Pennsylvania law, Parry must show that "(1) the witness existed; (2) the witness was available; (3) counsel [knew] of the [witness's] existence; (4) the witness was prepared to cooperate and testify . . .; and (5) the absence of the testimony was prejudicial." *Commonwealth v. Khalifa*, 852 A.2d 1238, 1240 (Pa. Super. 2004). "A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness. Further, ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense."

*Commonwealth v. O'Bidos*, 849 A.2d 243, 250 (Pa. Super. 2004).[8]   In the context of an ineffectiveness claim based upon a failure to call a witness, the habeas petition "must make a specific, affirmative showing as to what the missing evidence would have been, and prove that this witness's testimony would have produced a different result." *Danner v. Cameron,* 955 F. Supp.2d 410, 439 (M.D. Pa. 2013) (citing *Patel v. United States*, 19 F.3d 1231, 1237 (7th Cir. 1994)).

The suppression court cited several factors it considered in making its ruling:

> In this case, the officer observed the Defendant partially turn at an intersection and come to an abrupt stop. The Defendant then accelerated quickly causing his tires to spin and squeal. The fact that the Defendant was traveling well over the posted speed limit of 40 mph is evident by the fact that the officer had to travel over 60 mph just to catch up to the Defendant over a distance of .8 miles. <u>Based on the totality of these circumstances</u> the officer had reasonable suspicion that the Defendant was driving in violation of the Motor Vehicle Code.

Opinion and Order, May 28, 2008, at 4 (ECF No. 44, Exh. E).  Kelley, by Petitioner's own admission, would have addressed only one factor.  Even assuming *arguendo* that counsel's performance was deficient in not calling Kelley at the suppression hearing, Parry has not shown that the absence of Kelley's testimony was prejudicial.  Petitioner has failed to demonstrate that there is a reasonable probability that the outcome of the suppression hearing would have been different if counsel had called Kelley.  Without a showing of a reasonable probability of a different outcome, Petitioner has failed to establish ineffective of counsel.  *See Strickland,* 466 U.S. at 687, 694; *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000).  Therefore, the Court is unable to recommend that habeas relief be granted on this claim.

---

[8]     The Court notes that Petitioner has presented the affidavit of Marshall E. Kelley, Jr., which states that he was present with Mr. Parry at court for the suppression hearing and that he was willing to testify that the 1987 Ford Tempo was incapable of "spinning and squealing" its back tires when pulling  out from a stop.  *See* ECF No. 45, Exhibit KK.

Last, Parry contends that counsel provided ineffective assistance when he failed to object to the prosecutor's summary of evidence during the suppression hearing. At the suppression hearing, the transcript of Trooper Zona's testimony from the preliminary hearing was entered into evidence, along with argument of counsel. No live witnesses were called. Defense counsel specifically stated that the only two facts being stipulated to were: (i) the speed limit is 40 miles per hour, not 45; and (ii) Trooper Zona conducted the traffic stop at eight-tenths of a mile from where he first saw Mr. Parry's vehicle instead of about half a mile. Suppression Hearing Transcript at 5-6 (ECF No. 12-1).

In reviewing this claim that trial counsel was ineffective for failing to object to the prosecutor's summary of evidence, it is noted that in order for a prosecutorial misconduct claim to warrant federal habeas relief, the prosecutor's comments must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S.168, 180 (1986). A prosecutorial misconduct claim must be examined in "light of the record as a whole" in order to determine whether the conduct "had a substantial and injurious effect or influence" on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). Again, in the Third Circuit, this inquiry involves examining "the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant." *Moore v. Morton*, 255 F.3d 95, 107 (3d Cir. 2001).

After an extensive review of both the preliminary hearing transcript and the suppression hearing transcript, the Court finds that the prosecutor presented a correct summary of the trooper's testimony at the preliminary hearing, including incorporating into his summation the two stipulations that had been entered into prior to his summation. The Court finds that the

18

prosecutor's summary was an appropriate comment and therefore, is unable to recommend that habeas relief be granted on this claim.

       *b.*     *Ineffective Assistance at Trial*

Parry argues that his trial counsel provided ineffective assistance when he failed to revisit the issue of suppression in light of the testimony of the witnesses at trial.

At trial, the parties stipulated to the facts of the case, including to "[t]he circumstances of the traffic stop [which] had been previously litigated at the preliminary hearing and suppression hearing on this case. We would ask that those transcripts be incorporated into the record today." Non-jury Transcript at 4 (ECF No. 12-2).

Additionally, Parry's counsel presented Marshall E. Kelley, Jr., whom the trial court determined was a "low grade expert," and allowed Kelley to

> offer an opinion for what it is worth, but it is qualified by his own admission he has no particular expertise in front wheel drive, rear wheel drive in this particular model. He is simply a person who worked on cars off and on for 13 years, including front wheel and rear wheel drive cars, including the car in question. I will consider the level of his expertise in considering his opinion.

*Id.* at 14. In essence, Kelley testified that because the vehicle Parry was driving did not have a drive train to the rear wheels, the tires would be incapable of spinning and therefore incapable of squealing. In rebuttal, the Commonwealth offered the testimony of Trooper William Cottington, who opined that a 1987 Ford Tempo would be as capable of squealing tires as any other vehicle on the road. *Id.* at 19 - 23. ("[T]here could be squeal from the rear tires, which could be from a yaw, when the vehicle is turning from a sliding of the tires. Any tire can make a squeal." *Id.* at 21.) At the sentencing hearing, Parry's counsel reiterated that although the parties "had a bench

trial, sort of stipulated fact trial. I introduced additional evidence relative to our suppression motion I wanted to have on the record . . . . " Sentencing Transcript at 3 (ECF No. 12-2).

The trial court, in its Decree Pursuant to Rule 1925(a), specifically referred to the findings of the suppression court and to the conflicting testimony at trial regarding whether the vehicle's tires could have spun and squealed as follows:

> The defendant asserts that the suppression court erred in not using the correct legal standard for validity of a traffic stop, by relying on arguments of the Commonwealth as opposed to the actual record, and that the evidence was insufficient to find that the initial traffic stop was valid.
>
> The reasons set forth for the decision can be found in Judge John Blahovec's legally sound suppression opinion and order dated May 28, 2008.
>
> Defendant also argues that the trial court record was insufficient to support the finding of guilty beyond a reasonable doubt to his criminal charges. . . .
>
> The arresting officer testified as he followed the defendant, his vehicle had accelerated, causing the tires to spin and squeal.
>
> A defense witness classified as a low grade expert, stated it was impossible to squeal the tires for 1987 Ford Tempo.
>
> The Court properly found defendant, based on all the evidence presented, guilty. The Commonwealth had presented its case beyond a reasonable doubt.

Decree Pursuant to Rule 1925(a) of the Rules of Appellate Procedure, Setting Forth the Place in the Record Where the Reasons For the Decision of the Court May Be Found, dated Sept. 6, 2013 (emphasis added) (ECF No. 41-1).

In Petitioner's first PCRA Petition, he argued that his conviction rested on constitutionally tainted evidence following an invalid vehicle stop ("the "[a]rresting officer stopped my vehicle for no apparent reason."). In the Opinion and Notice of Intention Dismiss, the PCRA Court found as follows:

Trial counsel did file a suppression motion, which was denied by the Court after oral argument and filing of briefs. Trial counsel also entered several stipulations into evidence at the time of trial and was permitted to enter additional testimony relative to the suppression motion for purposes of appeal (ST pg5). <u>Trial counsel cannot be held ineffective for diligently advancing a claim which was ultimately denied by the Court</u>.

Opinion and Notice of Intention to Dismiss, January 19, 2011 (emphasis added). Likewise, in indicating the Court's intention to dismiss Petitioner's Second PCRA Petition, the Court noted that the "second petition contains averments which were addressed in his first petition and denied." The Court further stated that "petitioner received more than adequate legal representation at trial and PCRA level." Opinion and Notice of Intention to Dismiss, February 9, 2011 (ECF No. 44, Exh Y).

Accordingly, assuming *arguendo* that (i) counsel would have been permitted to fully revisit the suppression issue at trial,[9] and (ii) that counsel was ineffective for not revisiting the issue in light of Kelley's testimony, Parry has not met his burden to show that Kelley's testimony would have, with reasonable certainty, produced a different result. Therefore, the Court is unable to recommend that habeas relief be granted on this claim.

**Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas

---

[9] The Commonwealth, relying upon Pennsylvania Rules of Criminal Procedure 581(J), argues that "the suppression ruling became the law of the case and was only reviewable on appeal absent a showing that the evidence bearing on suppressibility was unavailable at the time the suppression was decided." Resp's Supp Br. at ¶ 10 (ECF No. 47). Petitioner responds that "prior to 2013 Pennsylvania courts routinely revisited suppression rulings in light of trial evidence without regard to the language of Pennsylvania Rule of Criminal Procedure 581(J)." Pet's Reply at 5 (ECF No. 49). The Court, has not addressed this issue as it has assumed, for purposes of this Report and Recommendation only, that counsel would have been permitted to revisit the issue.

petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Applying those standards here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied. Accordingly, it is recommended that a certificate of appealability be denied.

**Conclusion**

For all of the above reasons, the Court recommends that the Amended Petition for Writ of Habeas Corpus be denied and a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file Objections to this Report And Recommendation. Any party opposing the objections shall have fourteen (14) days after date of

service to respond to the objections. Failure to file Objections will waive the right to appeal.

*Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


                                        <u>s/ Cynthia Reed Eddy</u>
                                        Cynthia Reed Eddy
                                        United States Magistrate Judge

Dated:  October 17, 2014


cc:     Elisa A. Long
        Federal Public Defender's Office
        (via CM/ECF electronic notification)

        Jacquelyn A. Knupp
        Westmoreland County District Attorney's Office
        (via CM/ECF electronic notification)