# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS PARRY, <br><br> Petitioner, <br><br> v. <br><br> SUPERINTENDENT KERESTES, *et al.*, <br><br> Respondents. | Civil Action No. 2: 11-cv-1318 <br><br> United States District Judge <br> Nora Barry Fischer |

## MEMORANDUM OPINION AND ORDER

Petitioner Thomas Parry ("Parry") filed an Amended Petition for Writ of Habeas Corpus[1] alleging seven claims related to his 2010 convictions and sentence in the Court of Common Pleas of Westmoreland County, Pennsylvania.[2] Claims One – Three are related to the denial of Parry's right to file post-trial motions and to pursue a direct appeal, Claims Four and Five are related to the denial of Parry's Fourth Amendment rights protecting him from unreasonable searches and seizures, and Claims Six and Seven are related to Parry's Sixth Amendment right to effective assistance of counsel.

On October 17, 2014, Magistrate Judge Cynthia Reed Eddy issued a Report and Recommendation ("R & R"), (Docket No. 55), in which she recommended that the Amended Petition for Writ of Habeas Corpus be denied and that a Certificate of Appealability be denied.

---

[1] At the time the Petition and Amended Petition were filed, Parry was proceeding pro se. However, on June 18, 2013, the United States Court of Appeals for the Third Circuit appointed the Federal Public Defender Organization for the Western District of Pennsylvania to represent Parry.

[2] A non-jury trial was held on January 29, 2010, before the Honorable Debra A. Pezze. Parry was found guilty of two counts of Driving Under the Influence, one count of Driving While Operating Privilege Suspended or Revoked, and Failure to Register his vehicle. He was acquitted of driving with a suspended license-DUI-related, and the summary offenses of careless driving and restriction on alcoholic beverages. *See* Non-Jury Transcript at 24 (ECF No. 12-2, Exh. F).

Petitioner timely filed Objections on November 17, 2014 (ECF No. 58), to which Respondent responded on December 17, 2014. (ECF No. 60.) Petitioner was permitted to file a Reply, which was filed on December 19, 2014. (ECF No. 63.)

Before this Court are Parry's objections to Claims Six and Seven, only. Parry's first three claims were resolved when this Court granted Parry relief in the form of a *nunc pro tunc* direct appeal. (ECF No. 22.) Parry does not object to the recommendation that Claims 4 and 5 be denied. *See* Objections, ECF No. 58 n. 2. The Court is in agreement with the conclusion of the R & R as to Claims Six and Seven, but finds it necessary to supplement the analysis. Parry's objections will be addressed seriatim.

Parry raises two (2) catchall objections. First, Parry suggests that the Magistrate Judge may not have considered the entire factual background of this lengthy litigation because the R & R states that "little of the factual background is truly necessary for the proposed disposition of the Amended Petition before the Court." R & R at 2. However, it is evident that the R & R incorporated by reference the procedural histories from the Memorandum Opinion filed on October 26, 2012 (ECF No. 22), and the R & R filed on May 6, 2014 (ECF No. 52), which both provided detailed descriptions of the complicated factual and procedural history of the case. Additionally, the R & R recited the developments which had occurred since the previous R & R had been filed, including noting that the Superior Court of Pennsylvania had affirmed Parry's conviction and sentence on August 11, 2014. This Court finds that the R & R reflects that the Magistrate Judge thoughtfully considered the entire factual background of this case, including the facts and circumstances surrounding the traffic stop and arrest of Parry on July 12, 2007, the allegations set forth in the affidavit of probable cause, the preliminary hearing and suppression

hearing transcripts, the non-jury trial transcript, and the affidavits of Messrs. Parry and Kelly. Therefore, the Court finds this objection to be without merit.

Parry's next catchall objection is more substantive. Throughout the Petition, Parry makes an overarching argument that the Magistrate Judge did not apply a *de novo* review, but rather deferred to the state court's rulings, stating at one point that the R & R's deference was "repugnant" to the notion of *de novo* review. *See* Objections at 7. (ECF No. 58). This Court notes that throughout the R & R, the Magistrate Judge recognized that a *de novo* review must be conducted and, in fact, used language to that effect in her recommendations. It is not disputed that oft times the Magistrate Judge agreed with or cited to the analysis of the state courts, but only because the reasoning of those courts was instructive. This does not mean that the Magistrate Judge improperly deferred to state court decisions. This objection, therefore, is likewise found to be without merit.

Third, Parry objects to the Magistrate Judge's recommendation to dismiss his claim that his counsel provided ineffective assistance at his suppression hearing. As an initial matter, Parry objects to the R & R on the basis that it was error for the Magistrate Judge to conduct only a separate analysis for each error alleged, as opposed to analyzing the cumulative effect of each instance of counsel's deficient performance. Obj. at 3. Parry argues that there are three (3) instances of specific ineffectiveness of counsel arising from the suppression hearing, *to wit*: (i) the first claim relates to the summation offered by the prosecutor at the end of the suppression hearing; (ii) the second claim relates to counsel's failure to call Marshall E. Kelly, Jr., as a witness at the suppression hearing; and (iii) the third claim relates to suppression counsel's failure to cite the correct standard of proof in the Motion to Suppress.

3

The Magistrate Judge reviewed each of these three (3) arguments and found that in none of these instances did suppression counsel's representation fall below the *Strickland* standard of reasonable representation. The Court agrees with the R & R for the following reasons.

A review of the suppression hearing transcript reveals that the prosecutor correctly summarized the evidence presented. Parry contends that the Magistrate Judge "misapprehends" the claim and incorrectly treated it as a "stand-alone claim that Mr. Parry has not made - that counsel for the Commonwealth engaged in prosecutorial misconduct." Obj. at 6. The Court finds this objection to be without merit. The Magistrate Judge conducted an analysis for prosecutorial misconduct only to analyze whether there was error on the part of counsel for failing to object. Without a finding of error, suppression counsel had no reason to object; therefore, he could not be considered to have acted deficiently. There can be no Sixth Amendment deprivation of effective assistance of counsel based on counsel's failure to pursue a meritless claim. *United States v. Bui*, 769 F.3d 831, 935 (3d Cir. 2014) (citing *United States v. Sanders,* 165 F.3d 248, 253 (3d Cir. 1999)).

Next, the Court agrees with the Magistrate Judge that Parry failed to show a reasonable probability of a different outcome of the suppression hearing had Marshall E. Kelly, Jr., ("Kelley") been called as a witness.[3] Parry reasserts his argument that Kelley's testimony would not only have undermined the officer's testimony that Parry's tires "spun and squealed," but that

---

[3] In footnote 2, Parry argues that the R & R, quoting *Danner v. Cameron*, 955 F. Supp.2d 410, 439 (M.D. Pa. 2013), incorrectly states that Parry cannot prevail unless he can show that Mr. Kelley's testimony "would have produced a different result." Parry argues that he need only demonstrate "a reasonable probability of a different result." As the R & R makes clear, the quotation from *Danner* was used only to show that the habeas petition must make a specific, affirmative showing as to what the missing evidence would have been. In her analysis, the Magistrate Judge specifically relied upon *Strickland* and stated "[w]ithout a showing of a reasonable probability of a different outcome, Petitioner has failed to establish ineffective[ness] of counsel." R & R at 17. Parry's argument is noted and found to be without merit.

it would also have undermined the officer's credibility, calling into question all of his alleged "observations" of Parry's driving. *See* Obj. at 5. The Court finds this argument to be meritless. As the Supreme Court of the United States has recently stated:

> Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence."

*Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 788 (citing *Strickland,* 466 U.S. at 689). Further, the Court finds that even if it was error for counsel not to call Kelley at the suppression hearing, Parry suffered no prejudice as Kelley was called as a witness at the non-jury trial and the court heard his testimony at that time. Therefore, Parry has failed to satisfy the second prong of the *Strickland* test.

As to the third instance, even assuming that Parry's counsel incorrectly argued a "reasonable suspicion" standard, Parry was not prejudiced because, as the Superior Court of Pennsylvania found on direct review, the traffic stop was in fact supported by the heightened standard of probable cause.

The Court agrees with the R & R that in each of the three instances discussed *supra*, under the test in *Strickland,* suppression counsel did not so lack in his performance of duties that he fell below an objective standard of reasonableness. In order to have "cumulative" effect, the court must first find that counsel committed multiple errors. *Pursell v. Horn,* 187 F. Supp.2d 260 (W.D. Pa. 2002). As noted by the *Pursell* court:

> While *Berryman* shows that cumulative review is proper under *Strickland,* such review is simply not needed in the present case. None of [Petitioner's] claims surmount the first prong of the *Strickland* analysis. Because I conclude that [Petitioner's] counsel was not deficient in any way, I have no errors to bundle together for a cumulative prejudice review.

5

*Id.* at 363. *See also Sargent v. Kelchner*, Civ. No. 03-327, 2005 WL 5298488 at *5 (W.D. Pa. Aug. 22, 2005) ("In light of our holding that each of Petitioner's grounds for relief lacked merit, it is apodictic that Petitioner's cumulative error claim must fail."). In light of the conclusion that Parry's ineffective assistance of suppression counsel claims lack merit, there are "no errors to bundle."

Fourth, Parry objects to the Magistrate Judge's recommendation to dismiss his claim that counsel provided ineffective assistance of counsel at trial by failing to review the issue of suppression in light of the trial witnesses' testimony. Parry reasserts his argument that at the time of his non-jury trial, Pennsylvania courts routinely revisited suppression rulings in light of trial evidence, although Pennsylvania Rule of Criminal Procedure 581(J) precluded trial counsel from doing so. Reply at 2. (ECF No. 63). Parry concedes that the Magistrate Judge assumed for purposes of the R & R only, that Parry's counsel would have been permitted to revisit the issue at trial and proceeded to provide detailed analysis of the claim on the merits.

The testimony offered at the non-jury trial included a defense expert and a Commonwealth rebuttal expert on the issue of whether the tires on the vehicle would have squealed and spun out. The trial judge heard all the evidence, even citing to the fact that additional evidence relating to the suppression hearing was permitted to be introduced at the non-jury trial, and concluded that the Commonwealth presented its case beyond a reasonable doubt. The Court agrees with the Magistrate Judge and finds that Parry's objection is without merit.[4]

---

4   Parry argues that the R & R erroneously credited the prosecutor's proffer of what he expected the Commonwealth's only trial witness would say, rather than the actual testimony of the Commonwealth's only witness when it stated "the Commonwealth offered the testimony of Trooper William Cottington, who opined that a 1987 Ford Tempo would be as capable as squealing as other vehicle on the road." While the phrase "any other vehicle on the road," was

Finally, the Court agrees with the Magistrate Judge that a certificate of appealability should be denied. Based on the record as a whole, it does not appear that jurists of reason would find it debatable that Parry's Claims Six and Seven should be denied.

After *de novo* review of the pleadings and documents in the case, together with the R & R and objections thereto, the following Order is entered:

**AND NOW**, this 13th day of January, 2015:

**IT IS HEREBY ORDERED** that the Amended Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF NO. 55) is **ADOPTED** as the Opinion of the Court as supplemented herein.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED.**

---

part of the prosecutor's proffer, Parry conveniently fails to recognize that the R & R also quotes directly from the rebuttal testimony of Trooper William Cottington ("[T]here could be squeal from the rear tires, which could be from a yaw, when the vehicle is turning from a sliding of the tires. Any tire can make a squeal."). R & R at 19. In fact, the non-jury trial transcript specifically reflects that Trooper Cottington testified as follows:

> The other gentleman [Kelley] was correct, in an '87 Ford Tempo it is a front wheel drive vehicle. They were only made as front wheel drive vehicles, no drive train to the rear wheels, which would permit acceleration from the rear to make the wheels spin. There is, however, and <u>there could be squeal from the rear tires, which could be from a yaw, when the vehicle is turning from a sliding of the tires. Any tire can make a squeal.</u>

Non-jury Transcript, at 21, Lines 8 - 15 (emphasis added).

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Parry has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

BY THE COURT:

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge


cc: Elisa A. Long
Federal Public Defender's Office
(via CM/ECF electronic notification)

Jacquelyn A. Knupp
Westmoreland County District Attorney's Office
(via CM/ECF electronic notification)